UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MACIO COLEMAN,<br><br>                     Plaintiff,<br>     v.<br><br>JEREMY REESE, et al.,<br><br>                     Defendants. | Case No. 2:25-cv-00606-GMN-BNW<br><br>**ORDER DISMISSING AND CLOSING CASE** |

Plaintiff Macio Coleman brings this civil-rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated. On April 7, 2025, the Court ordered Coleman to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* ("IFP") on or before June 6, 2025. (ECF No. 3). In response, the prison returned Coleman's mail as undeliverable because he was now at Lovelock Correctional Center ("LCC") but had not filed an updated address with the Court. (ECF Nos. 4, 5). Upon learning that Coleman was at LCC, the Court issued a second order directing Coleman to file an updated address and either pay the full $405 filing fee or file an IFP on the new LCC IFP form. (ECF No. 6). The Court also shortened the deadline to May 28, 2025, in the second order. (*Id.*) The Court sent Coleman a courtesy copy of the new order and new LCC IFP form to him at LCC. (*Id.*) Both deadlines expired without any response from Coleman.[1]

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See*

---

[1] The Clerk's Office updated Coleman's address to LCC on the docket sheet even though Coleman never filed an updated address with the Court.

1

*Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Coleman's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without Coleman's compliance with the Court's orders, the only alternative is to enter a third order setting another deadline. But repeating an ignored order often only delays the inevitable and further

1  squanders the Court's finite resources.  The circumstances here do not indicate that this case will
2  be an exception.
3      Setting another deadline is not a meaningful alternative given these circumstances.  So, the
4  fifth factor favors dismissal.  Having thoroughly considered these dismissal factors, the Court finds
5  that they weigh in favor of dismissal.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice based on Coleman's failure to address the matter of the filing fee in compliance with the Court's orders.  The Clerk of Court is kindly directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Coleman wishes to pursue his claims, he must file a complaint in a new case and address the matter of the filing fee.

**DATED**: June 16, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court